UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elinor Davis, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| Axos Bank and H&R Block, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Comes now the Plaintiff, Elinor Davis, who files this Complaint for actual and statutory damages, punitive damages, treble damages, and attorneys' fees and costs for Defendants' violations of the Electronic Fund Transfer Act, 15 U.S.C. §1601, *et seq*. and Defendants' violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10, *et seq*. Plaintiff also seeks damages as set forth herein for Defendants' violations of South Carolina common law.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1693m and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that Plaintiff resides in this district, the Defendant transacts business in this district and the vehicle that forms the basis of Plaintiff's claims was purchased in this district.

## PARTIES

3. Plaintiff, Elinor Davis, is a resident and citizen of the State of South Carolina, Darlington

Page 1 of  14

county, and is over the age of twenty-one (21) years.

4. Defendant Axos Bank, whose corporate status is unknown to Plaintiff, may be served with process through its CEO, Amitabh Chaudry, at its corporate headquarters, 4350 La Jolla Village Drive, Suite 140, San Diego, CA 92122. At all times relevant herein, Defendant was doing business in the state of South Carolina.

5. Defendant H&R Block, Inc., whose corporate status is unknown to Plaintiff, may be served with process through its CEO, Jeffrey J. Jones, II, at its corporate headquarters, 1 H and R Block Way, Kansas City, MO 64105. At all times relevant herein, Defendant was doing business in the state of South Carolina.

6. Defendants Axos Bank and H&R Block, Inc. each acted in concert with the other in the actions as described below. The actions of each individual Defendant was done for the benefit of itself, as well as the other Defendant.

## FACTUAL ALLEGATIONS

7. In February, 2019, Plaintiff used Defendant H&R Block to file her income taxes. After filing, Plaintiff became aware that she would receive a tax refund. Plaintiff elected to receive said refund by way of a pre-paid Emerald Mastercard, issued by Defendant Axos Bank by way of Defendant H&R Block.

8. After receipt of her Emerald Mastercard, Plaintiff immediately began to experience theft of her tax refund by an unknown source.

9. Specifically, funds began to be used without authorization by an individual or individuals who had somehow obtained a card or cards that were linked to Plaintiff's account. These cards had account numbers that ended in "4916" and "3998". Neither of these account

numbers were related to the Emerald Mastercard issued to Plaintiff by Defendant Axos Bank or provided to Plaintiff by Defendant H&R Block.

10. On or about February 27, 2019, the card with account number ending 4916 was used without authorization to withdraw $500.00, plus a $3.00 ATM charge from Plaintiff's account, from an ATM in Darlington, South Carolina.

11. Within two days of said charges, Plaintiff became aware of the unauthorized charges when she attempted to use the Emerald Mastercard in her possession to pay for a hotel room. Upon presenting her card, Plaintiff was made aware that her card had been closed as a separate card had been used to withdraw money from an ATM.

12. Plaintiff immediately contacted Defendant Axos Bank at the telephone number provided in her Emerald Card agreement (866-353-1266) and was told that the unauthorized card had been cancelled and that her card had been "reopened".

13. Concerned, Plaintiff set up her account to send her a text alert when her account was accessed.

14. On or about February 28, 2019, after having alerted Defendant Axos Bank to the presence of the fraudulent card and having been assured same had been closed, Plaintiff received two text alerts that the fraudulent 4916 card had been used on two separate occasions to withdraw over $300.00, from an ATM in Hartsville, South Carolina. Later that day, a third unauthorized ATM withdrawal in the amount of $263.00 was made from a separate ATM in Hartsville, South Carolina.

15. After having received the text alerts, Plaintiff again contacted Defendant Axos Bank at its telephone number and alerted it that unauthorized transactions had again been made by the

4916 card on her account.

16. After her second conversation with Defendant Axos Bank, Plaintiff hoped that the issue had been resolved. Unfortunately, after several days without incident, Plaintiff attempted to use her card. Upon presenting her card, Plaintiff was made aware that her account had been cancelled yet again.

17. On March 6, 2019, Plaintiff checked her account and became aware that another unauthorized transaction had been made on her account. Using an account number ending in "3998", $483.00 had been withdrawn from an ATM in Society Hill, South Carolina.

18. Also on March 6, 2019, Plaintiff received correspondence from Defendant Axos Bank's agents, Defendant H&R Block and Emerald Bank c/o Conduent, concerning her disputes of the charges made by the "4916" account. Despite having been alerted by Plaintiff of the unauthorized charges on February 27, 2019, prior to the February 28, 2019 charges, Defendant Axos Bank's purported "investigation" found that no fraud had occurred due to there having been "no pin failures", "no balance inquiries", and no prior changes to Plaintiff's PIN number. Defendant Axos Bank's purported investigation failed to note that Plaintiff had made clear to Defendant Axos Bank, twice, that a separate card was being used to access her account. Upon information and belief, the March 6, 2019, letter from Defendant Axos Bank was nothing more than a form letter and no investigation was done into Plaintiff's claims that unauthorized transfers had occurred.

19. After learning of the fraudulent March 6, 2019, transaction, Plaintiff once more immediately contacted Defendant Axos Bank to dispute the ATM withdrawal by way of the 3998 account and to alert Defendant Axos Bank that an unauthorized transaction had occurred.

20. On March 23, 2019, Plaintiff received correspondence from Defendant Axos Bank's agents, Defendant H&R Block and Emerald Bank c/o Conduent, concerning her disputes of the charges made by the "3998" account. This letter simply stated that a review had occurred and that the result of that review was that Defendant Axos Bank had determined no fraud had occurred. Defendant Axos Bank did not set forth the parameters of its review and ignored, yet again, the clear fact that a separate card was being used to access Plaintiff's account. Upon information and belief, the March 23, 2019, letter from Defendant Axos Bank was nothing more than a form letter and no investigation was done into Plaintiff's claims that unauthorized transfers had occurred.

21. As a result of Defendant Axos Bank's alleged investigations, Defendant Axos Bank refused to refund the stolen funds to Plaintiff.

22. After receiving the March 6, 2019, and March 23, 2019, correspondence from Defendant Axos Bank, by and through its agents, Plaintiff requested copies of the documentation that was used by Defendant Axos Bank in investigating her complaints. No such documentation has been provided as of the date of this Complaint.

23. Upon information and belief, employees of Defendant H&R Block spoofed or otherwise copied a card connected to Plaintiff's tax refund. After so doing, Defendant H&R Block employees proceeded to use the separate cards to take Plaintiff's tax refund. In the alternative, upon information and belief, Defendant H&R Block's employees engage in a scheme to provide South Carolina taxpayers' information to third parties.

24. Upon information and belief, employees of Defendant H&R Block have perpetrated and will continue to perpetrate this scheme against South Carolina taxpayers.

25. Defendant Axos Bank knew or should have known of Defendant H&R Block's actions as Defendant Axos Bank received specific complaints from Plaintiff that individuals, other than Plaintiff, were accessing her account with cards that were never issued to Plaintiff.

## COUNT ONE
### Violation of the Electronic Fund Transfer Act

26. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 7 through 25 as if set forth fully herein.

27. The Electronic Fund Transfer Act's ("EFTA") limitation on liability for unauthorized use covers the unauthorized use of a prepaid card, such as the card that is the subject of this action. 81 FR 83934.

28. Plaintiff disputed all unauthorized transfers made on her account within two days of said transfers occurring.

29. Upon receipt of Plaintiff's disputes, Defendant Axos Bank was required to perform an investigation and to include a written explanation as to the findings of said investigation.

30. Defendant Axos Bank violated the EFTA by failing to perform any investigation into Plaintiff's disputes and, to the extent that an alleged investigation was performed, failing to perform said investigation in good faith. Additionally, Defendant Axos Bank's explanation of the results of its alleged investigation was statutorily insufficient.

31. In regards to the March 6, 2019, correspondence concerning the "4916" account, Defendant Axos Bank asserted that it had looked at a number of items, which were not limited to that no balance inquiries had been made, no incorrect PIN entries had occurred, and no request for a PIN change had been made. These purported reasons not only failed to consider the

gravamen of Plaintiff's complaint, that a second and completely separate card was being used to access her account, but also failed to disclose all findings of Defendant Axos Bank's alleged investigation by stating that the reasons provided in the correspondence did not reflect all of the alleged reasons that Defendant Axos Bank had found that the 4916 account purchases had been authorized.

32. In regards to the March 23, 2019, correspondence concerning the "3998" account, Defendant Axos Bank did not provide any explanation as to how it determined that the use of the separate 3998 account had been authorized and, instead, simply stated that an investigation had occurred and that Defendant Axos Bank had determined that no fraud had occurred.

33. Defendant Axos Bank's failure to provide an explanation of its findings to Plaintiff is a violation of the EFTA. 15 U.S.C. §1693f.

34. Likewise, Defendant Axos Bank's failure to provide the documentation reviewed when investigating Plaintiff's disputes, after Plaintiff requested same, is a violation of the EFTA. *Id*.

35. Defendant Axos Bank's imputation of liability to Plaintiff of any amount greater than $50.00 was a violation of the EFTA as Plaintiff alerted Defendant Axos Bank to the unauthorized transactions within two days of said transactions occurring. 15 U.S.C. §1693g.

36. Due to Defendant Axos Bank's violations of the EFTA, Plaintiff is entitled to actual damages, including but not limited to all amounts above $50.00 per fraudulent transaction that have not been refunded by Defendant Axos Bank, and damages for Plaintiff's stress, worry, anxiety, physical and mental pain and suffering, and embarrassment. Plaintiff is also entitled to a statutory award between $100.00 and $1,000.00, and attorneys' fees and costs.

37. Due to the knowing and willful nature of Defendant Axos Bank's conduct, Plaintiff is also entitled to and seeks an award of treble damages. 15 U.S.C. §1693f.

## COUNT TWO
### Violation of the Electronic Fund Transfer Act

38. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 7 through 37 as if set forth fully herein.

39. The Electronic Fund Transfer Act's ("EFTA") limitation on liability for unauthorized use covers the unauthorized use of a prepaid card, such as the card that is the subject of this action. 81 FR 83934.

40. Defendant H&R Block violated the EFTA by issuing an access device to an individual who was not Plaintiff and was not requested by Plaintiff, either in writing or orally.

41. Defendant H&R Block violated the EFTA by issuing more than one renewal or substitute device. Although not requested by Plaintiff, Defendant H&R Block's provision of access devices attached to both the 4916 and 3998 account is a violation of the EFTA.

42. Due to Defendant H&R Block's violations of the EFTA, Plaintiff is entitled to actual damages, and damages for Plaintiff's stress, worry, anxiety, physical and mental pain and suffering, and embarrassment. Plaintiff is also entitled to a statutory award between $100.00 and $1,000.00, and attorneys' fees and costs.

43. Due to the knowing and willful nature of Defendant H&R Block's conduct, Plaintiff is also entitled to and seeks an award of treble damages. 15 U.S.C. §1693f.

## COUNT THREE
### Violation of the South Carolina Unfair Trade Practices Act

44. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained

herein, all of the allegations set forth in paragraphs 7 through 43 as if set forth fully herein.

45. Defendant Axos Bank's conduct amounts to unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade or commerce as defined by South Carolina Code §39-5-10, *et. seq.* (As amended). Plaintiff is informed and believes that Defendant Axos Bank knowingly, willfully, unfairly, deceptively, and/or negligently engaged in unfair and deceptive practices, as described herein.

46. Specifically, it is Defendant Axos Bank's practice to refuse to perform a good faith investigation into a disputed, unauthorized transaction, assuming any investigation is performed at all. Defendant Axos Bank's practice is to avoid a finding of unauthorized use as such a finding limits its ability to collect funds from a consumer and avoid its duty to refund money to South Carolina consumers - in this case, Defendant Axos Bank was authorized to retain no more than $50.00 per unauthorized transaction.

47. Plaintiff further alleges that the actions of the Defendant Axos Bank has a real and substantial potential for repetition and are a threat to the public interest. Upon information and belief, Defendant Axos Bank issues all Emerald Mastercards after a taxpayer requests H&R Block provide the consumer's tax refund by way of prepaid card.

48. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant Axos Bank and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble said actual damages for Defendant Axos Bank's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

49. Defendant Axos Bank's use or employment of unfair or deceptive methods, acts, and practices caused Plaintiff to suffer loss of funds, worry, humiliation, fear, loss of sleep,

anxiety, nervousness, physical sickness, physical pain and mental anguish. Additionally, Plaintiff was forced to incur attorneys' fees and costs due to Defendant Axos Bank's actions. Defendant Axos Bank's use or employment of unfair or deceptive methods, acts, and practices was willful, wanton, and knowing. Therefore, Plaintiff is informed and believes that she is entitled to an award of three (3) times the actual damages sustained. Plaintiff is also entitled to attorneys' fees and costs.

## COUNT FOUR
### Violation of the South Carolina Unfair Trade Practices Act

50. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 7 through 49 as if set forth fully herein.

51. Defendant H&R Block's conduct amounts to unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade or commerce as defined by South Carolina Code §39-5-10, *et. seq.* (As amended). Plaintiff is informed and believes that Defendant H&R Block knowingly, willfully, unfairly, deceptively, and/or negligently engaged in unfair and deceptive practices, as described herein.

52. Specifically, it is Defendant H&R Block's practice to allow its employees to issue multiple cards on a consumer's account and/or to allow same to spoof or otherwise copy the Emerald Green cards received by tax payers for their own benefit.

53. Plaintiff further alleges that the actions of the Defendant H&R Block has a real and substantial potential for repetition and are a threat to the public interest. Defendant H&R Block services thousands, if not tens of thousands, of South Carolina taxpayers and seeks to get said taxpayers to receive their tax refund by way of the Emerald Card issued by

Defendant Axos Bank. After convincing a taxpayer to take an Emerald Card, Defendant H&R Block's employees then have free rein to use the taxpayer's information to steal his or her refund.

54. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant H&R Block and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble said actual damages for Defendant H&R Block's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

55. Defendant H&R Block's use or employment of unfair or deceptive methods, acts, and practices caused Plaintiff to suffer loss of funds, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. Additionally, Plaintiff was forced to incur attorneys' fees and costs due to Defendant H&R Block's actions. Defendant H&R Block's use or employment of unfair or deceptive methods, acts, and practices was willful, wanton, and knowing. Therefore, Plaintiff is informed and believes that she is entitled to an award of three (3) times the actual damages sustained. Plaintiff is also entitled to attorneys' fees and costs.

## COUNT FIVE
### Conversion

56. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 7 through 55 as if set forth fully herein.

57. Plaintiff had a possessory interest in her tax refund.

58. Defendants interfered with Plaintiff's possessory interest in her funds. Specifically, Axos Bank's refusal to refund the wrongfully taken funds (less $50.00) was a conversion of all

funds above $50.00 which were taken per unauthorized transaction. Defendant H&R Block's provision of copied cards attached to Plaintiff's account to its employees, or third parties, caused Plaintiff to have her tax refund funds misappropriated.

59. As it is a conversion of money, Plaintiff's conversion claim reflects specific funds - to wit, her tax refund - in specific amounts - the amounts misappropriated by way of the above-stated unauthorized transactions.

60. Defendants' actions are the legal cause of Plaintiff's loss of property.

61. Due to Defendants' conversion of Plaintiff's property, Plaintiff seeks damages in the amount of the value of the converted property, including interest at the statutory rate. Additionally, Plaintiff seeks a punitive award for Defendants' conversion.

## **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendants for the following:

A. For actual damages, statutory damages, treble damages, and attorneys' fees and costs for Defendants' violations of the EFTA pursuant to 15 U.S.C. §1693f; 15 U.S.C. §1693m.

B. For actual damages, trebled due to Defendants' willfulness, as well as attorneys' fees and costs, pursuant to S.C. Code Ann. §39-5-140, for Defendants' violations of the South Carolina Unfair Trade Practices Act;

C. For actual and punitive damages for Defendants' conversion;

D. For this matter to be heard by a jury; and

E. For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No. 10323

/s/ William K. Geddings
William K. Geddings, Fed ID No. 12584
Attorneys for Plaintiff

OF COUNSEL:
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS

/s/ William K. Geddings
Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**

(RESTRICTED DELIVERY)
Axos Bank
c/o -Amitabh Chaudry, CEO
4350 La Jolla Village Drive, Suite 140
San Diego, CA 92122

(RESTRICTED DELIVERY)
H&R Block, Inc.
c/o Jeffrey J. Jones, II - CEO
1 H and R Block Way
Kansas City, MO 64105